UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-15 -KI |
| | ) | |
| v. | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE AND FINAL |
| VICKY VILLALOBOS and | ) | ORDER OF FORFEITURE AS TO |
| BRUNO FABIAN ARMENTA, | ) | DEFENDANTS VICKY VILLALOBOS |
| | ) | and BRUNO FABIAN ARMENTA |
| Defendants. | | |

In the forfeiture allegation of the Superseding Information in the above case, the United States sought forfeiture of property of defendants, Vicky Villalobos and Bruno Fabian Armenta, pursuant to 21 U.S.C. § 853 as proceeds of the unlawful drug activities or property used or intended to be used to facilitate said violation charged in Count 1.

Defendants, Vicky Villalobos and Bruce Fabian Armenta, entered into a plea agreement and pleaded guilty to Count 1 of the Superseding Information;

Accordingly, it is ORDERED:

1. Based upon the defendants, Vicky Villalobos and Bruce Fabian Armenta's, plea of guilty to Count 1 of the Superseding Information, and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853; the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

a) $9,085.00 in U.S. currency;

b) One (1) Mossberg brand, 12 Gauge Shotgun, Model Number 500A, Serial Number P881897;

c) One (1) Remington brand, .22 Caliber Rifle, Model Number 510 "Target Master", Serial Number NONE;

d) One (1) Sturm Ruger brand, .357 Caliber Revolver, Model Number GP100, Serial Number 171-91936;

e) One (1) Smith and Wesson brand, .38 Caliber Revolver, Model Number 640, Serial Number BPH5142;

f) One (1) Hi-Point brand, .40 Caliber Semi-Automatic Pistol, Model Number JCP, Serial Number X727162;

g) One (1) Hi-Point brand, .40 Caliber/Nine (9) Round Capacity Magazine, Model Number NONE, Serial Number NONE;

h) Nine (9) Smith and Wesson brand .40 Caliber Ammunition Rounds, Model Number NONE, Serial Number NONE;

i) One (1) Beretta brand, 9mm Caliber Semi-Automatic Pistol, Model Number 92 "FS Vertec", Serial Number BER430657;

j) Two (2) Beretta brand, 9mm Caliber/Fifteen (15) Round Capacity Magazines, Model Number NONE, Serial Number NONE;

k) Twenty (20) Luger brand 9mm Caliber Ammunition Rounds, Model Number NONE, Serial Number NONE;

l) One (1) Hi-Point brand, .45 Caliber Semi-Automatic Pistol, Model JHP, Serial Number X436689;

m) Two (2) Hi-Point brand, .45 Caliber/Nine (9) Round Capacity Magazines, Model Number NONE, Serial Number NONE;

n) Seventeen (17) Winchester brand .45 Caliber Ammunition Rounds, Model Number NONE, Serial Number NONE.

2. The forfeited property is to be held by the United States Marshals Service in its secure custody, or, as may be necessary, the United States Marshal may appoint a

substitute custodian, and is authorized to rent, lease, maintain and otherwise provide for the care of the property during the pendency of this action.

  3. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal shall publish in a newspaper of general circulation, notice of this order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property.  The petition must be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

  4. Pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

\\\
\\\
\\\
\\\

PAGE 3 - PRELIMINARY ORDER OF FORFEITURE  **- Vicky Villalobos and Bruno Armenta**

5. Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee as provided in Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED this _____ day of December, 2007.

_____
GARR M. KING
United States District Judge

PRESENTED BY:

KARIN J. IMMERGUT, OSB #96314
United States Attorney

LESLIE J. WESTPHAL
Assistant United States Attorney


s/Kathleen L. Bickers
KATHLEEN L. BICKERS
Assistant United States Attorney